IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE REFUGIO SAMARRON,  Civ. No. 05-156-HO

    Petitioner,  Order

v.

SUPERINTENDENT HALL,

    Respondent.

Respondent filed a motion to dismiss the habeas petition without prejudice and to deem the petition re-filed as of February 9, 2005, the first business day after the conclusion of state proceedings on petitioner's direct appeal of his convictions. Respondent also seeks an additional 60 days to file a response to the petition.

## Discussion

Petitioner argues that he is not required to exhaust state remedies before filing a federal petition, so that the procedure advocated by defendant is unnecessary and inappropriate. Although 28 U.S.C. § 2254(b)(1) appears only to limit the

circumstances under which a court may grant an application for writ of habeas corpus from a state prisoner, the Supreme Court interprets the statute to require that state remedies be exhausted at the time the application is filed in federal court. Fay v. Noia, 372 U.S. 391, 435 (1963), overruled on other grounds in part by Wainwright v. Sykes, 433 U.S. 72 (1977). The reasoning behind recent decisions cited by petitioner does weaken the force of this holding of Fay. These decisions lack precedential effect or are not precisely on point, however.[1] Out of caution, this court will proceed by the procedure advocated by respondent.

## Conclusion

Based on the foregoing, respondent's motion to dismiss [#8] is granted. The petition [#1] is dismissed without prejudice and

///
///
///
///
///

---

[1] The Supreme Court vacated the judgment in Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). 124 S.Ct. 2903 (2004). In Pace v. DiGuglielmo, 125 S.Ct. 1807, 1813 (2005), the Court suggested that a state prisoner could file a "protective" federal petition alleging unexhausted claims for good cause. In Rhines v. Weber, 125 S.Ct. 1528 (2005), the Court held that stay and abeyance of federal habeas proceedings may be proper if good cause exists for petitioner's failure to exhaust available state remedies.

deemed re-filed as of February 9, 2005. The response to the petition is due 60 days from the date of this order.

IT IS SO ORDERED.

DATED this 22nd day of September, 2005.

_____
Michael C. Hogan
United States District Judge